NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHRISTOPHER LAVELLE COOPER, *Appellant.*

No. 1 CA-CR 19-0637
FILED 5-5-2020

Appeal from the Superior Court in Mohave County
No. S8015CR201900672
The Honorable Derek Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Harriette P. Levitt, Tucson
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1** Christopher Cooper appeals his convictions and sentences for possession of dangerous drugs for sale (methamphetamine) and possession of drug paraphernalia. Cooper's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after a diligent search of the record, she found no arguable question of law that was not frivolous. Cooper was allowed to file a supplemental brief but did not do so. Counsel asks this court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). After reviewing the record, we affirm Cooper's convictions and sentences.

## FACTS[1] AND PROCEDURAL BACKGROUND

**¶2** In February 2019, officers searched Cooper's residence in Bullhead City pursuant to a search warrant, finding three baggies containing methamphetamine, three digital scales, pipes, additional baggies, other paraphernalia, and over $600 cash. Officers arrested him and released him from custody the following day. The Arizona Department of Public Safety determined the total quantity of methamphetamine seized weighed between 14.11 and 16.07 grams. Officers arrested Cooper again on April 12, 2019, for unrelated charges. Grand jurors charged him with possession of dangerous drugs for sale (methamphetamine), a class 2 felony, and possession of drug paraphernalia, a class 6 felony.

---

[1] We view the facts in the light most favorable to upholding the verdicts and resolve all reasonable inferences against the defendant. *State v. Mendoza*, 248 Ariz. 6, 11, ¶ 1, n.1 (App. 2019).

¶3           Before trial, Cooper's counsel filed a motion *in limine* to preclude the State from impeaching Cooper with his prior felony convictions. The superior court granted the motion.

¶4           During a two-day jury trial held in September 2019, Cooper testified on his behalf, alleging he used, but did not sell, methamphetamine. He said he used "an 8-ball [3.5 grams], maybe a little bit more," per day, and about 15 grams per week. He also stated he acquired the cash found in his pockets from his two renters, whom he charged $400 and $500, respectively. Further, he said that he fixed bicycles weighing between 15 and 20 pounds in exchange for drugs, and he used the scales that were confiscated to weigh the bicycle parts.

¶5           The State produced testimony from several witnesses, including detective Jesus Alvarez. He testified the scales in Cooper's possession could only weigh 100 grams each (less than a quarter of a pound), refuting Cooper's testimony regarding the purpose of the scales. Alvarez also testified that an "8-ball" typically goes for $100 to $150, or about $2800 per month on the conservative end, which was a substantial amount for someone unemployed.

¶6           Jurors found Cooper guilty as charged. The court imposed a mitigated sentence of seven years' imprisonment for the possession-of-dangerous-drugs for sale count and four months' imprisonment for the drug-paraphernalia count, running concurrently, with 210 days' presentence-incarceration credit. The court found no aggravating factors but considered as mitigating factors (1) Cooper's family support—his wife was present supporting him, (2) his intent to better himself and mentor others, and (3) his inability to conform his conduct to the law based on his addiction.

¶7           Cooper appealed, and we have jurisdiction under Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶8           We have read and considered counsel's brief and have reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

¶9           Cooper was present and represented by counsel at all stages of the proceedings against him. The record reflects the superior court afforded Cooper all his constitutional and statutory rights, and the proceedings were conducted in accordance with the Arizona Rules of

Criminal Procedure. The court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's verdicts. Cooper's sentences fall within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

**¶10**　　　　We affirm Cooper's convictions and sentences. After the filing of this decision, defense counsel's obligations pertaining to Cooper's representation in this appeal will end after informing Cooper of the outcome of this appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).



AMY M. WOOD • Clerk of the Court
FILED:　AA